**Dexter RODNEY, Appellant,**

v.

**Michael B. MUKASEY, U.S. Attorney General; Immigration and Customs Enforcement (ICE); Department of Homeland Security (D.H.S.).**

No. 09–1660.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 July 16, 2009.

Opinion filed Aug. 7, 2009.

---

Dexter Rodney, Lords Valley, PA, pro se.

Michael J. Butler, Esq., Office of United States Attorney, Harrisburg, PA, Adam L. Goldman, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Appellee.

Before: RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges.

## OPINION

PER CURIAM.

Appellant Dexter Rodney, an immigration detainee at the Pike County Correctional Facility in Lords Valley, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in United States District Court for the Middle District of Pennsylvania, challenging his detention by the United States Department of Homeland Security. Rodney, a native and citizen of Guyana, entered the United States on February 27, 1996 as a lawful permanent resident. On February 11, 2004, following a jury trial, he was convicted in United States District Court for the Southern District of New York of bank fraud and theft of government property. On March 21, 2005, the United States Court of Appeals for the Second Circuit affirmed the conviction. Rodney's sentence expired on July 12, 2007.

In a Notice to Appear dated July 12, 2007, Rodney was charged with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who had been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(M)(i).[1] The Notice to Appear was based on the 2004 bank fraud conviction. That same day, DHS took Rodney into custody. On November 6, 2007, an Immigration Judge found him removable as charged, and Rodney timely appealed to the Board of Immigration Appeals. On March 6, 2008, finding that Rodney had established a claim of ineffective assistance of counsel, the Board vacated the IJ's decision and remanded for further proceedings. On April 11, 2008, the IJ concluded that the government failed to establish the charge of removability by clear and convincing evidence in that it failed to establish a loss in excess of $10,000. The IJ dismissed the aggravated felony ground of removal, and terminated removal proceedings. The government appealed. On July 28, 2008, the Board sustained the government's appeal, found that it had established the charge of removability by clear and convincing evidence, and remanded the matter back to the IJ for entry of a new decision. On October 28, 2008, the IJ, in keeping with the Board's decision, ordered Rodney removed from the United States to Guyana.

Rodney, through counsel, timely appealed the IJ's decision to the Board of Immigration Appeals. Meanwhile, on July 24, 2008, just before the Board sustained the

[1]. An aggravated felony is defined, in pertinent part, in 8 U.S.C. § 1101(a)(43)(M)(i) as "an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000."

government's appeal, Rodney pursued the instant pro se petition for writ of habeas corpus in federal court. Following the submission of a response by the government to the habeas corpus petition, the District Court, in an order entered on February 20, 2009, 2009 WL 427171, dismissed it. Rodney contended in his habeas corpus petition that he was being detained at the Pike County prison pursuant to 8 U.S.C. § 1226(c) without an individualized determination of his status in violation of his Constitutional rights. (Petition, at 1–2.) Rodney cited the Supreme Court's decisions in *Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003), and *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), in his petition to support his contention that his twelve-month detention exceeded Constitutional bounds.

The District Court determined that Rodney's detention was authorized by 8 U.S.C. § 1226(c)(1)(B), which instructs the Attorney General to take into custody and detain during ongoing removal proceedings any alien who, like Rodney, is removable by reason of having committed an aggravated felony.[2] Furthermore, the Supreme Court held in *Demore*, 538 U.S. 510, 123 S.Ct. 1708 that mandatory pre-final order of removal detention of lawful permanent residents pursuant to 8 U.S.C. § 1226(c) does not violate the protections guaranteed under the Constitution, even where there has been no finding that an alien is unlikely to appear for his or her removal proceeding. *See id.* at 527–28, 123 S.Ct. 1708. The District Court also concluded that any claim for release under 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), was premature, because section 1231(a) governs post-removal order detention and, as yet, there was no administratively final order of removal in Rodney's case.

Rodney appeals. On April 24, 2009, he filed a motion for appointment of counsel on appeal and an application to proceed *in forma pauperis*. Our Clerk granted him leave to appeal *in forma pauperis* and advised him that his appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and, on July 13, 2009, Rodney submitted argument in support of his appeal.

■ We will dismiss the appeal as moot. In argument in support of his appeal, Rodney contends that his continued pre-final order of removal detention pursuant to 8 U.S.C. § 1226(c) without a hearing violates due process. He notes the holding of *Demore*, 538 U.S. 510, 123 S.Ct. 1708, and that it is not in his favor, but he urges us to consider reading *Demore* narrowly because he has been in DHS's custody since July 12, 2007, and this lengthy detention exceeds "the brief period necessary for removal proceedings" found acceptable in *Demore*. (Argument in Support of Appeal, at 2.) Pointing to a concurrence in *Demore*, 538 U.S. at 532, 123 S.Ct. 1708 (Kennedy, J., concurring), Rodney argues that an individualized determination is warranted if the continued pre-final order of removal detention becomes unreasonable, which it has in his case. What Rodney neglects to tell us, however, is that his pre-final order of removal detention has ended.

On March 12, 2009, shortly after the District Court rendered its decision on his habeas corpus petition, the Board of Immi-

---

**2.** The statute provides that: "The Attorney General shall take into custody any alien who—... is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B).

gration Appeals dismissed his appeal. The Board concluded that, by clear and convincing evidence, the government established that Rodney's bank fraud conviction involved a loss to Fleet Bank of in excess of $10,000, and that there was a clear tie between the fraud conviction and the amount of the loss. The Board's decision to reject Rodney's appeal has resulted in a final order of removal. 8 C.F.R. § 1241.1(a) ("An order of removal made by the immigration judge at the conclusion of proceedings ... shall become final ... [u]pon dismissal of an appeal by the Board of Immigration Appeals"). In addition, on June 15, 2009, the Board denied Rodney's motion for reconsideration. *See generally Stone v. Immigration & Naturalization Serv.,* 514 U.S. 386, 394–95, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (motion for reconsideration does not render underlying order of removal nonfinal, and petitioner must file second petition to obtain review of second final order).

Accordingly, insofar as Rodney challenged the lawfulness of his detention pursuant to 8 U.S.C. § 1226(c), and he is no longer in custody pursuant to this statute, his appeal is moot. Under Article III of the Constitution, a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate. *Id.* at 477–478, 110 S.Ct. 1249. The injury alleged, unreasonably long pre-final order of removal detention under 8 U.S.C. § 1226(c), can no longer be redressed by a favorable judicial decision.

*Allen v. Wright,* 468 U.S. 737, 750–751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984); *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 471–473, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). Thus, Rodney's appeal is moot.

Under 8 U.S.C. § 1231(a), the post-final order of removal detention statute, the Attorney General must detain Rodney.[3] The Attorney General has 90 days to remove Rodney from the United States after his final order of removal. 8 U.S.C. § 1231(a)(1)(A). However, in *Zadvydas,* 533 U.S. 678, 121 S.Ct. 2491, the Supreme Court interpreted 8 U.S.C. § 1231(a)(6) to authorize post-removal order detention of an alien convicted of an aggravated felony to a period reasonably necessary to bring about the alien's removal, generally no more than six months. *Id.* at 700–01, 121 S.Ct. 2491.[4] After six months, the alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701, 121 S.Ct. 2491. "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months." *Id.*

Rodney's current custody is authorized by section 1231(a) and mandatory, and any claim that his post-removal order detention has become unreasonably long would be premature and unfounded. The removal period begins on the latest of (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed and if a court orders a stay of the alien's removal, the date of the

---

**3.** The statute provides: "During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found ... deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title." 8 U.S.C. § 1231(a)(2).

**4.** The statute provides: "An alien ordered removed who is ... removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title ... may be detained beyond the removal period...." 8 U.S.C. § 1231(a)(6).

court's final order; and (3) if the alien is confined (except under an immigration process), the date the alien is released from confinement. 8 U.S.C. § 1231(a)(1)(B). Rodney filed a petition for review of the Board's March 12, 2009 decision, and a motions panel of the Court granted him a stay of removal on June 23, 2009 in *Rodney v. Att'y Gen. of U.S.*, C.A. No. 09–2043. Thus, we agree with the District Court that Rodney's challenge to his detention under *Zadvydas* is premature.

For the foregoing reasons, we will dismiss the appeal as moot. Appellant's motion for appointment of counsel on appeal is denied.